UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMELIA A. POSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:11-cv-01511-TWP-MJD |
| vs. | ) | |
| | ) | |
| CLARIAN HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Plaintiff Amelia Posley's ("Posley") and bankruptcy trustee, John Petr's ("Trustee") Motion to Ratify. [Dkt. 41.] Currently, Posley's lawsuit is captioned "Amelia A. Posley v. Clarian Health, a/k/a IU Health." Subsequent to the filing of this action, Posley filed for Chapter 7 bankruptcy protection and acknowledges that, in doing so, the Trustee became the "owner" of her claim. [Dkt. 46 at 1.] Defendant IU Health (formerly known as Clarian) argues that the Trustee is the "proper plaintiff." [Dkt 43 at 1.] For all intents and purposes, the parties agree that the Trustee is the real party in interest behind Posley's Complaint. IU Health argues that Posley's claim should be dismissed because it is not being prosecuted in the name of the real party in interest, the Trustee. [Dkt. 43 at 4.] Alternatively, IU Health argues that, if the lawsuit is not dismissed, it must proceed under the Trustee's name, because he is the real party in interest. [Dkt. 43 at 4-5.] Posley argues that ratification is proper and the case may proceed as presently captioned. [Dkt. 46 at 3.]  For the following reasons, the Court **GRANTS** the Motion to Ratify.

## PROCEDURAL HISTORY

Posley filed her Complaint against IU Health on November 14, 2011. Posley then filed her petition for Chapter 7 bankruptcy on November 29, 2011. Importantly, Posley's Complaint pre-dates her bankruptcy. The Trustee moved to ratify the lawsuit as captioned, in Posley's name, on June 14, 2012. [Dkt. 43 at ¶7.] IU Health objected[1] to ratification under Rule 17 in its reply July 2, 2012. [Dkt. 43.]

## DISCUSSION

The controversy in this case arises from the application of the real party in interest rule found in Federal Rule of Civil Procedure 17. IU Health alleges that Posley seeks to bring this action in her name instead of in the name of the real party in interest – the Trustee – as a strategic move. Posley, however, argues that ratification is a proper course of action in order to comply with the requirements of Rule 17.

**A. Rule 17: The Real Party In Interest**

Pursuant to Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Rule also states that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

---

[1] IU Health also filed a Motion to Dismiss for lack of standing, or in the alternative, under the doctrine of judicial estoppel. [Dkt. 9.] Later, IU Health acknowledged that its Motion to Dismiss based on standing is "related, though not identical" to the real party in interest rule. [Dkt. 43 at 4, n.2.] As such, an objection based on the real party in interest under Rule 17 did not occur until IU Health replied to Posley's Motion to Ratify. *See Guynn v. Potter*, 2002 WL 243626, at *4 (S.D. Ind. 2002) (citations omitted). However, even if IU Health's objection were deemed to have been raised in its January 26, 2012 Motion to Dismiss, the Court finds the Trustee's ratification to have been timely and this ruling would be unchanged.

The Court observes that Rule 17 prohibits dismissal until the real party in interest has had a reasonable amount of time to respond to an objection. *Id.* After an objection, Rule 17 expressly allows the real party in interest a reasonable time for ratification, joinder, or substitution. *Id.* IU Health argues that "Federal Rule of Civil Procedure 17 permits such ratification only under circumstance where the party made an honest mistake—not where the incorrect plaintiff was identified for strategic reasons." [Dkt. 43 at 1.] This, however, is an overstatement of the Rule that runs contrary to the guidance from the Advisory Committee. The Advisory Committee Notes state that "[m]odern decisions are inclined to be lenient when an honest mistake has been made." The inclination to be lenient when an honest mistake is made falls far short of prohibiting ratification except when an honest mistake is made.

The Advisory Committee Notes point out that 17(a)(3) was "added simply in the interests of justice." Fed. R. Civ. P. 17 advisory committee's note (1966). The Notes continue on, saying that the modern function of the Rule is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as *res judicata*." *Id.* Essentially, the rule is meant to prevent "double dipping" by both the real party in interest and the underlying plaintiff on whose behalf the real party in interest may act.

Finally, dismissing a case on a technicality, rather than hearing the merits of the issue, rarely serves the best interests of justice. It is also the strong preference of the Court to decide cases on their merits. The Seventh Circuit recognizes "[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004).

### B. Parties' Arguments

IU Health cites to a district court case from Pennsylvania for the proposition that "in order to substitute the trustee as the real party in interest, Plaintiff must first establish that, when he brought this action in his own name, he did so as the result of an honest and understandable mistake." [Dkt. 43 at 3 citing *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999).] IU Health argues that this Court has not allowed substitution by the real party in interest when the decision is "strategic and tactical." [Dkt. 43 at 3 (citing *Metal Forming Technologies, Inc. v. Marsh & McLennen Co.*, 224 F.R.D. 431, 436 (S.D. Ind 2004)).] Taken together, IU Health is advancing the theory that Posley is bringing the lawsuit in her own name, rather than in the name of the real party in interest, due to a strategic and tactical decision, not an honest mistake.

IU Health's arguments against ratification overlook several key distinctions between its supporting citations and the case at bar. First, the plaintiff in *Feist* filed his complaint on July 21, 1997, after he filed his bankruptcy petition on January 16, 1997. *Feist*, 100 F. Supp. 2d at 276. Because the existing trustee was the real party in interest at the time the lawsuit was filed, it was obviously a mistake for the plaintiff to file the suit in his own name. Likewise, in *Metal Forming Technologies, Inc.* the plaintiff's assignment of its right to sue occurred on March 28, 2003, before the plaintiff filed his complaint on May 8, 2003. *Metal Forming Technologies,* 224 F.R.D. at 433-434. Both of these cases are distinguishable from the case at bar because the action establishing the real party in interest in those cases occurred **prior** to the filing of the plaintiff's complaint. It was a mistake to file the complaint in the plaintiff's name when the trustee or assignee was undoubtedly the real party in interest.

4

In this case, however, Posley filed her Complaint **before** her bankruptcy petition. This reversed the order of filings compared to *Feist* and *Metal Forming Technologies, Inc.* [Dkt. 46 at 2.] When Posley filed her Complaint, she, and not the bankruptcy Trustee, was the real party in interest.  On the date the case was filed, it would have been impossible to file the claim in the name of the Trustee, who eventually became the real party in interest. Posley correctly points out that, "[w]hen Ms. Posley originally file [*sic*] the lawsuit she had to file it in her name." [*Id.* at 3.] At the time of filing, Posley's only choice was to file the lawsuit in her own name. Posley's exercise of her only legal choice was not a mistake, honest or otherwise.

Additionally, when the *Metal Forming Technologies* court applied the "honest mistake" test, it suspected that the real party in interest had engaged in a "sleight of hand" by filing the complaint in the plaintiff's name. *Metal Forming Technologies*, 224 F.R.D. at 437. The court was disinclined to reward such deceit and therefore denied the real party in interest's substitution into the lawsuit. *Id.* Likewise, in *Feist*, the court doubted the plaintiff's motives and held that his mistake was not honest, so ratification was improper. *Feist,* 100 F. Supp. 2d at 280. Again, these facts are distinguishable from the case at bar. Because Posley had no choice but to file her complaint in her own name, it was not a deceitful or strategic decision at the time of filing. Posley filed her claim properly, the defendants objected, and then the Trustee moved to ratify the plaintiff's lawsuit, as permitted by Rule 17.

IU Health also challenges Posley's citation to *Rawoof v. Texor Petroleum Co., Inc.*, but this criticism is misplaced. [Dkt. 43 at 4, n.1.]  Posley cited *Rawoof* only for the proposition that "[r]atification is a legitimate way to cure an initial failure to prosecute a case in the [name] of the real party in interest." [Dkt. 41 at 1.] This is a correct statement of law. As discussed previously,

Rule 17 confirms that the real party in interest may ratify, join, or substitute into an action. Fed. R. Civ. P. 17(a)(3). The court in *Rawoof* held that:

> While it is true that ratification is a legitimate way to cure an initial failure to prosecute an action in the name of the real party in interest under FED. R. CIV. P. 17(a), here, Rawoof attempted to use it as a means of escaping the consequences of the denial of his motion to substitute plaintiffs.

*Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 760 (7th Cir. 2008). Rawoof's individual failure to ratify properly does not negate the legitimacy of ratification as a means to cure.

Finally, concerns from both parties about "jury confusion" are premature. [Dkt. 41 at ¶ 7; Dkt. 43 at 5.] First of all, the Court is accustomed to lawsuits by Trustees. Additionally, should the present case lead to a jury trial, the parties may submit proposed jury instructions to alleviate any alleged confusion.

### C.  The Trustee Properly Ratified the Case

The Court is inclined to follow the analysis in *Jenkins v. Wright and Ferguson Funeral Home*, which mirrors the facts of the case at bar. 215 F.R.D. 518, 518 (S.D. Miss. 2003). The plaintiff in *Jenkins* filed her employment discrimination complaint prior to filing for Chapter 7 bankruptcy. *Id.* at 520. Jenkins brought the case in her own name, but the bankruptcy Trustee, Shaffer, became the real party in interest once the bankruptcy proceeding was initiated. *Id.* at 521. After the defendant filed a motion to dismiss, the trustee executed a ratification agreement with the plaintiff. *Id. at* 520. In the ratification agreement, Shaffer, the bankruptcy trustee and real party in interest, stated that she ratified the commencement of the action by Jenkins and "agreed to be bound by any judgment entered or settlement obtained by the Plaintiff." *Id.*

In *Jenkins*, the court found that proper ratification by the real party in interest "requires the ratifying party to authorize the continuation of the action and agree to be bound by the result." *Jenkins*, 215 F.R.D. at 522 (citing *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 307

(5th Cir. 2001)). The *Jenkins* court held that Shaffer met these requirements and therefore properly ratified the case to proceed in Jenkins' name. *Id.* at 522. Because the ratification was proper it "was a valid transfer to Jenkins of the right to prosecute this cause of action in her own name." *Jenkins*, 215 F.R.D. at 522.

The court in *Jenkins* recognized that "[a] cause of action which arises before the filing of a petition in bankruptcy is the property of the bankruptcy estate." *Id.* at 521, citing *Wieburg*, 272 F.3d at 305-306. The court also understood that Rule 17's purpose is to "assure a defendant that a judgment will be final and that *res judicata* will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.* Finally, the court reasoned that Rule 17(a) "provides that formal joinder or substitution of the real party in interest will not be necessary when [the real party in interest] ratifies commencement of the action." *Id.* at 521-522 (citing *Big John, B.V. v. Indian Head Grain Co.*, 718 F.2d 143, 147 (5th Cir. 1983)).

Similarly, Posley filed her employment discrimination case in her name, but following Posley's Chapter 7 bankruptcy petition the bankruptcy Trustee became the real party in interest. Just as in *Jenkins*, after the defendant's motion to dismiss, the real party in interest ratified the case. In the Motion to Ratify and accompanying affidavit, the Trustee states that he "ratifies the lawsuit as it was commenced by Amelia Posley" and "agrees to be bound by the judgment of the Court." [Dkt. 41 at Ex. 1.] This affidavit satisfies the two requirements for ratification. Furthermore, Rule 17's purpose will be fulfilled by this ratification: IU Health will be protected from defending against both Posley and the Trustee.

*Jenkins* also reinforces the proposition from *Rawoof* that ratification is a proper means to cure a failure to initially prosecute in the name of the real party in interest. "Rule 17 clearly

7

allows one who is not a real party in interest to prosecute a case upon ratification by the real party in interest." *Jenkins,* 215 F.R.D. at 522, n.4. This Court agrees that "[c]ontrary to the Advisory Committee Note, the language of Rule 17(a) does not state or even imply that the real party in interest must have been difficult to determine or that an understandable mistake had been made." *Id.*

Accordingly, the Court will grant ratification, because, as allowed by Rule 17, the real party in interest ratified the case within a reasonable time following IU Health's objection. The ratification was proper because the real party in interest endorsed the action and agreed to be bound by the Court's decision. The Court is not persuaded that IU Health will be prejudiced by Posley's prosecution of her Complaint in her own name.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** the Motion to Ratify under Rule 17. [Dkt. 41.]

Dated: 09/06/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

8