UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMELIA A. POSLEY, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Case No. 1:11-cv-1511-TWP-MJD |
|  ) | |
| CLARIAN HEALTH a/k/a I.U. HEALTH, ) | |
|  ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff Amelia A. Ms. Posley's ("Ms. Posley") Complaint. Ms. Posley brings this action against the Defendant, Clarian Health a/k/a I.U. Health ("I.U. Health") alleging constitutional violations of race, age, and sex discrimination pursuant to 42 U.S.C. § 1981 and §§ 2000 et al., and 29 U.S.C. §§ 621 et al. I.U. Health filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, I.U. Health's Motion to Dismiss (Dkt. 9) is **DENIED.**

## I. BACKGROUND

Ms. Posley is fifty-six years of age and is African-American. She began working as an employee of I.U. Health in 1974 and served in several different positions until her termination on November 30, 2010. Ms. Posley claims she had a good disciplinary history and performed her duties well. I.U. Health cited "threatening conduct" as its grounds for terminating Ms. Posley's employment. Dkt. 1 at 2. Ms. Posley denies that she engaged in threatening conduct and argues instead that her termination was discrimination-based because I.U. Health had not terminated

young, Caucasian male employees who had engaged in threatening conduct, and because I.U. Health had made derogatory remarks regarding "her age and tenure of employment." Dkt. 1 at 2. On November 14, 2011, Ms. Posley filed a Complaint against I.U. Health alleging she was terminated on the basis of her race, gender, and age in violation of Title VII and the Age Discrimination Employment Act. Dkt. 1. Ms. Posley seeks reinstatement of her position, in addition to back pay, benefits, and other damages.

On November 29, 2011, approximately two weeks after filing this suit, Ms. Posley filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code (Case No. 11-14622-JKC-7), but she failed to disclose this lawsuit in her Statement of Financial Affairs as required by the Bankruptcy Code.[1]  On January 26, 2012, I.U. Health filed this motion arguing Ms. Posley lacks standing to bring this action by virtue of the rules of bankruptcy and maintains that Ms. Posley is barred from proceeding with her claims under the doctrine of judicial estoppel.

Importantly, Ms. Posley amended her bankruptcy petition on January 27, 2012 to include the lawsuit in her financial disclosures. Dkt. 27 at 1. Although the debts have been discharged, Ms. Posley's bankruptcy case remains open due to this lawsuit. *Id.*

## II. LEGAL STANDARD

In evaluating I.U. Health's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court must accept all of the well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 538 (7th Cir. 2005). However, the allegations must "give the defendant fair notice of what the…claim is and the grounds upon which it rests" and the "[f]actual allegations must be

---

1 Under 11 U.S.C. §§ 521(a)(1)(B)(vi), -(i)(1), the debtor is required to file "a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition" within forty-five days of filing the petition.

enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Finally, a complaint should be dismissed for failure to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Moranski*, 433 F.3d at 538 (internal citations and quotations omitted).

### III. DISCUSSION

I.U. Health argues Ms. Posley lacks standing to pursue her discrimination lawsuit and alternatively, judicial estoppel bars her claims even if the Court finds she has standing. Dkt. 10 at 7. The procedure for reviewing a motion to dismiss in this type of case is well-established:

> When judicial estoppel is premised on a failure to schedule a lawsuit in a prior bankruptcy proceeding, a court should first determine whether the individual has standing to bring suit or whether the trustee is the real party in interest, because most of a debtor's possessions become property of the estate upon the filing of a bankruptcy petition.

*Biggs v. AM Gen., LLC*, No. 3:07-CV-28, 2008 WL 1957864, at *2 (N.D. Ind. May 1, 2008). Accordingly, the Court will address the standing issue first.

**A.     Standing**

In her Complaint, Ms. Posley seeks damages for harms that include lost wages, lost benefits, and lost employment, as well as emotional injuries, traceable to I.U. Health's alleged violation of federal law. In order to establish standing and proceed with her cause of action, Ms.

3

Posley must demonstrate that she has suffered "(1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp. v. City of Oak Forest, Ill.,* 630 F.3d 512, 516 (7th Cir. 2010). I.U. Health maintains "the Court cannot provide the relief that Ms. Posley seeks" because the bankruptcy trustee is the rightful owner of the litigation. Dkt. 10 at 4.

Pursuant to Section 541 of the Bankruptcy Code, all of a debtor's property, which includes causes of action that accrued prior to filing the petition, become part of the bankruptcy estate at the time a petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). The Bankruptcy Code provides that the trustee in a Chapter 7 case "has sole authority to dispose of property, including managing litigation related to the estate." *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (citing 11 U.S.C. §§ 541(a)(1), 704(1)). Ms. Posley filed for Chapter 7 bankruptcy two weeks *after* filing her civil lawsuit against I.U. Health. Dkt. 10 at 2. Thus, when Ms. Posley filed her petition for bankruptcy, all of her property, including this pre-petition lawsuit, immediately became part of the bankruptcy estate, and "*only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable*, 200 F.3d at 472.

Under the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). *See Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993) ("[B]oth standing and real party in interest are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits.") (internal quotation marks omitted). By statute, the trustee alone has standing to sue on behalf of Ms. Posley's bankruptcy estate, and because the trustee possesses the requisite interest in enforcing the rights of the bankruptcy estate, the trustee must prosecute this case as the real party in

4

interest. *See* 11 U.S.C. § 541(a); Fed. R. Civ. P. 17(a)(1); *In re Davis*, 158 B.R. 1000, 1002 (Bankr. N.D. Ind. 1993); *Swearingen-El v. Cook County Sheriff's Dept.*, 456 F. Supp. 2d 986, 989 (N.D. Ill. 2006); *Guynn v. Potter*, No. IP 99-1907-CT/F, 2002 WL 243626, at *4 (S.D. Ind. Jan. 25, 2002).

I.U. Health contends that dismissal is proper because Ms. Posley did not substitute the trustee as the real party in interest prior to the case management deadline of May 4, 2012 and because the trustee has not otherwise taken over the lawsuit. Dkt. 34 at 2-3. The Court does not agree because Federal Rule of Civil Procedure 17(a)(3) allows the case to proceed as though the trustee had originally filed the suit on behalf of Ms. Posley. *See Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 294758, at *8 (N.D. Ind. Jan. 26, 2011). According to Rule 17(a)(3):

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Accordingly, dismissal is not appropriate unless Ms. Posley failed to join the trustee within a reasonable time of I.U. Health's objection. Reasonableness is contingent on the facts of each case. *Tate v. Snap-On Tools Corp.,* No. 90 C 4436, 1997 WL 106275, at *7 (N.D. Ill. Feb. 11, 1997); *see Nationwide Acceptance Corp. v. Singleton*, No. 99 C 5632, 2000 WL 1230434, at *4 (N.D. Ill. Aug. 23, 2000) (finding failure to ratify after seven months was not reasonable); *Metal Forming Technologies, Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 437-38 (S.D. Ind. 2004) (determining plaintiff's failure to join real party fourteen months after defendant filed answer was not reasonable); *Wielgus v. Ryobi Technologies, Inc.,* No. 08 CV 1597, 2012 WL 1339489, at *8 (N.D. Ill. Apr. 18, 2012) (holding four years and eight months after the close of discovery to file joinder motion was unreasonable delay); *In re Davis*, 158 B.R. at 1003 (finding

the fifteen-day deadline set at the pre-trial conference was sufficiently reasonable time given that debtor's counsel, although notified of the standing issue, amended the complaint in that time without adding the real party).

Here, the case management deadline does not govern whether Ms. Posley joined the trustee within a reasonable amount of time. The Court instead examines the pleadings and makes all reasonable inferences in favor of Ms. Posley. Ms. Posley filed the bankruptcy petition after she filed this lawsuit; thus, she was the appropriately-named party to this action on the filing date. Furthermore, Ms. Posley has taken affirmative steps to rectify the procedural issues raised by I.U. Health, including amending bankruptcy schedules (Dkt. 27 at 1) and the trustee's employment of counsel to pursue this litigation (Dkt. 34 at 2). Furthermore, even if the Court considered Ms. Posley's motivation in determining whether she ratified within a reasonable time, the Court makes all reasonable inferences in Ms. Posley's favor. *See Metal Forming Technologies*, 224 F.R.D. at 435-36 (distinguishing based on a plaintiff's "honest mistake").

Additionally, Ms. Posley filed a motion to ratify the lawsuit on June 14, 2012, and the bankruptcy trustee agreed to be bound by the judgment of the Court. Dkt. 41 at 1. Ratification is an alternative to joinder or substitution of the real party in interest and "is a mechanism to provide the defendant with the same protection of finality and *res judicata* that would have been achieved if the suit was brought by the ratifying party." *In re Integrated Agric., Inc.,* 313 B.R. 419, 426 (Bankr. C.D. Ill. 2004). Thus, ratification allows the real party in interest to join the lawsuit and avoid dismissal. *Id.*; *see Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 760 (7th Cir. 2008) ("Ratification is a legitimate way to cure an initial failure to prosecute an action in the name of the real party in interest.").

Thereafter, On September 6, 2012, the Court granted the Motion to Ratify (Dkt. 60) finding in accordance with Fed. R. Civ. P. 17 that "[t]he real party in interest ratified the case within a reasonable time following IU Health's objection". The purposes of Fed. R. Civ. P. 17(a) were fulfilled by virtue of Ms. Posley's motion to ratify because I.U. Health will not be subject to the possibility of defending subsequent claims made by the trustee. *See Monterey Agric. Prods., Inc. v. August Battaglia Processing Co.*, No. 85 C 04541, 1988 WL 92698, at *3 (N.D. Ill. Aug. 25, 1988) ("The purpose of the real party in interest rule is to … protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as *res judicata*.").

This Court agrees with the policy of federal courts that cases should be determined based on merit rather than on technicality of the pleadings. *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (7th Cir. 2004). Thus, the Court finds that Ms. Posley complied with Rule 17(a) by ratifying the lawsuit to include the trustee as the real party in interest and did so within a reasonable time. Therefore, I.U. Health's Motion to Dismiss with respect to Ms. Posley's lack of standing is denied. The Court will next consider whether the case should be dismissed on grounds of judicial estoppel.

**B.     Judicial Estoppel**

I.U. Health argues in the alternative, that dismissal is proper because Ms. Posley is judicially estopped from pursuing her claims because she failed to disclose this lawsuit in her bankruptcy schedules as a potential asset. Dkt. 9 at 2. I.U. Health contends that because Ms. Posley did not deem a possible recovery in this action as an asset in her original bankruptcy filing, she cannot now argue that she is entitled to damages.

Judicial estoppel is an equitable doctrine and operates "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the

exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). A court, in its discretion, generally applies judicial estoppel to a plaintiff's claims when "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citing *New Hampshire*, 532 U.S. at 750). The Court disagrees with I.U. Health because they have not shown that the four elements of judicial estoppel are not present. With respect to the first two elements, Ms. Posley's omission of the lawsuit from her bankruptcy disclosures is "clearly inconsistent" with her current position in pursuing a judgment and there is no dispute about the facts at issue for each case.

With respect to the third element, Ms. Posley did not convince the bankruptcy court to adopt her declaration that she had no other suits pending, awaiting discharge, and then attempt to attain a judgment for damages through this Court. To the contrary, Ms. Posley notified the bankruptcy trustee of the lawsuit *before* I.U. Health filed its Motion to Dismiss and objected to the non-disclosure. Furthermore, Ms. Posley amended her schedules well before her debt was discharged and has kept the bankruptcy case open pending the outcome of this case for the benefit of her creditors. *See Cannon-Stokes*, 453 F.3d at 449 ("Just so here: a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due (a step that, to repeat, Cannon–Stokes has not taken)."). Thus, because Ms. Posley timely amended her schedules, the bankruptcy court never relied on Ms. Posley's deficient schedules in its administration of the bankruptcy estate. *See Matthews v. Potter*, 316 Fed. Appx. 518, 522 (7th Cir. 2009) ("The

Bankruptcy Code contemplates the possibility that a debtor may later discover and inform the trustee of additional assets not already listed on the schedules.").

Finally, with respect to the forth element, Ms. Posley will not derive an unfair advantage, nor impose an unfair detriment on I.U. Health, if the case proceeds. Any judgment awarded to Ms. Posley would be property of the bankruptcy estate and subject to distribution to the creditors. Some courts have held that the benefits a debtor enjoys by virtue of the bankruptcy stay are sufficient to warrant judicial estoppel, even in cases where the bankruptcy has not been discharged or the case remains open.

Additionally, I.U. Health is not subject to unfair detriment by reason of this case continuing because its liability for discrimination has no relationship to whether a judgment would benefit Ms. Posley individually or go to her estate. Ms. Posley's complaint against I.U. Health for discrimination is isolated from the bankruptcy in the sense that I.U. Health is subject to the same risk of liability as it would have been if Ms. Posley had never filed for bankruptcy. Moreover, I.U. Health would have had no basis for relying on Ms. Posley's bankruptcy disclosures as they pertain to her discrimination suit. If I.U. Health did violate federal anti-discrimination laws as Ms. Posley has claimed, it would seem to be fundamentally unjust for the Court to allow I.U. Health to evade responsibility based solely on Ms. Posley's (now-amended) bankruptcy disclosures.

It has been generally held that the subjective intent of the plaintiff is pertinent in determining whether judicial estoppel is applicable. *New Hampshire*, 532 U.S. at 750; s*ee In re Cassidy,* 892 F.2d at 642 ("It should not be used where it would work an injustice, such as where the former position was the product of inadvertence or mistake."); *Jaeger v. Clear Wing Prods., Inc.*, 465 F. Supp. 2d 879, 882-83 (S.D. Ill. 2006) (internal quotations omitted) ("Notably,

judicial estoppel does not apply when a debtor's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court."); *Swearingen-El*, 456 F. Supp. 2d at 991 ("Judicial estoppel is not warranted here. Defendants cannot show plaintiff intended to deceive the bankruptcy court."); *Johnson Serv. Co. v. TransAmerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir. 1973) ("[T]he rule looks toward cold manipulation and not an unthinking or confused blunder."). I.U. Health has not shown that Ms. Posley intended to deceive the bankruptcy court or harm her creditors by hiding assets. *See In re FV Steel & Wire Co.*, 349 B.R. 181, 185 (Bankr. E.D. Wis. 2006) (holding the debtor cured any inconsistent positions and indicated the omission was inadvertent by reopening the case and amending the schedules); *Cannon-Stokes*, 453 F.3d at 448 ("If [Debtor] were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy."); *Biesek v. Soo Line Railroad Co.*, 440 F.3d 410, 412 (7th Cir. 2006) ("[Debtor]'s last-ditch effort to save something for himself . . . [did] not demonstrate that he has tried all along to honor his debts.").

At this early stage in the proceedings, without the parties having had the benefit of discovery and ability to present thorough evidence, the Court cannot make a negative determination regarding the intent and motivation of Ms. Posley when she omitted the lawsuit from her bankruptcy schedules. Even if the Court inferred manipulative or deceptive motivation from the record, for purposes of the Motion to Dismiss, the Court makes all reasonable inferences in favor of Ms. Posley. *See Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1287-88 (11th Cir. 2002) (inferring "intentional manipulation" based on the totality of the facts, including the plaintiff's insinuation that disclosure would affect the outcome of the bankruptcy). Thus, regarding Ms. Posley's assertions as true, the Court finds she did not intend to deceive the courts

or prevail in the same litigation twice. Accordingly, judicial estoppel is not appropriate and I.U. Health's Motion to Dismiss is denied.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. 9) is **DENIED.**

SO ORDERED.

Date: 09/17/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gregory A. Stowers
STOWERS & WEDDLE, P.C.
gstowers@swh-law.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com